```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                     DALLAS DIVISION

JEFFREY KRETCHMER,               §
                                 §
              Plaintiff,         §
                                 § Civil Action No. 3:07-CV-1068-D
VS.                              §
                                 §
EVEDEN, INC.,                    §
                                 §
              Defendant.         §
```

MEMORANDUM OPINION
AND ORDER

Defendant Eveden, Inc.'s ("Eveden's") June 29, 2009 motion for leave to file an untimely bill of costs is denied.

I

On March 31, 2009 the court granted Eveden's motion for summary judgment against plaintiff Jeffrey Kretchmer ("Kretchmer"), and dismissed this action with prejudice. *Kretchmer v. Eveden, Inc.*, 2009 WL 854719 (N.D. Tex. Mar. 31, 2009) (Fitzwater, C.J.). In its judgment, the court awarded Eveden its taxable costs of court, as calculated by the clerk of court. On April 9, 2009 Kretchmer filed a motion for a new trial or rehearing, and on April 28, 2009 the court denied the motion.[1] Eveden filed the instant motion for leave to file bill of costs on June 29, 2009—well late of the local rule deadline.[2] According to the certificate of

---

[1] The court treated the motion as a motion to alter the judgment.

[2] N.D. Tex. Civ. R. 54.1 provides, in relevant part, that "the bill of costs must be filed with the clerk and served on any party entitled to such service no later than 14 days after the clerk

conference, Eveden's counsel attempted, but was unable, to confer with Kretchmer's counsel. The motion is therefore styled, and treated, as opposed.[3]

II

Fed. R. Civ. P. 6(b)(1) enables the court to extend the time for Eveden to file a bill of costs. Rule 6(b)(1) requires, however, that Eveden failed to act by the prescribed deadline due to "excusable neglect." *See* Rule 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002) (holding that district court did not abuse its discretion by extending time to file bill of costs where party faced conflicting court orders).

There are four non-exclusive factors for determining whether a late filing may constitute "excusable neglect": (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the

---

enters the judgment on the docket." Whether the expiration of the 14-day period is calculated from the March 31, 2009 order granting summary judgment and dismissing the case or from the April 28, 2009 order denying Kretchmer's motion to alter judgment, Eveden's bill of costs is at least over one month late.

[3]The court is deciding the motion without awaiting a response from Kretchmer because Eveden clearly is not entitled to the relief it seeks.

delay, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). At bottom, "excusable neglect" is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time. *Id.* "When a party fails to timely move for costs, courts generally disallow the award." *Green*, 284 F.3d at 664 (citing *Quarles v. Oxford Mun. Separate Sch. Dist.*, 868 F.2d 750, 758 (5th Cir. 1989)).

III

Eveden argues that the court should permit it to file its untimely bill of costs because "numerous court reporters and vendors throughout the country . . . provided services in this case"; "[d]epositions were taken in Dallas, Boston and Atlanta"; and "Eveden expended considerable time and effort compiling invoices from the numerous court reporters, and copying services necessary to support its Bill of Costs." D. Mot. 1-2. Essentially, Eveden argues for an enlargement of the time period because preparing its bill of costs took more time than is allowed by rule.

The court is not persuaded that Eveden has demonstrated excusable neglect. The first and fourth *Pioneer* factors favor Eveden. Kretchmer will not be unfairly prejudiced if the court accepts Eveden's untimely filing, and there is no reason to believe that Eveden acted in bad faith. The third factor, however, which

"is perhaps the most important single factor," weighs against Eveden. *See Inst. for Policy Studies v. U.S. Cent. Intelligence Agency*, 246 F.R.D. 380, 383 (D.D.C. 2007) (internal quotation marks and citations omitted) (finding no excusable neglect where first, second, and fourth *Pioneer* factors favored movant and third factor weighed against movant); *Dimmitt v. Ockenfels,* 407 F.3d 21, 24 (1st Cir. 2005) ("[A]mong the factors enumerated in *Pioneer*, by far the most critical is the asserted reason for the mistake."). Eveden's proffered reason for the delay is simply that it took Eveden some time to prepare the bill of costs. But Eveden knew—prior to the expiration of the 14-day deadline prescribed by local rule—how complicated the preparation of the bill of costs would be; specifically, Eveden knew that depositions had been taken in three cities, and Eveden was aware of the number of court reporters and vendors who provided services in the case. Yet, knowing all this, Eveden failed to request an extension prior to the expiration of the time period. *See Anguiano v. Life Ins. Co. of N. Am.*, 232 F.R.D. 584, 586 (W.D. Tex. 2005) (noting that where party was aware it needed more time prior to expiration of deadline, it should have moved for extension prior to, not after, deadline's passage). "In other words, while [Eveden] may have demonstrated good cause in [its] motion as to why [the deadline for filing the bill of costs] ought to be extended in this case, [Eveden] has failed to demonstrate sufficient 'excusable neglect' as to why the court

should consider an extension which was not sought prior to the [local rule] deadline." *See Wesley v. MP Next Level, LLC*, 2007 WL 1599683, at *3 (D. Kan. June 4, 2007). Moreover, after the deadline expired, Eveden permitted over one month to elapse before moving for leave to file a bill of costs. Consequently, although the considerable length of Eveden's delay will not have an impact on judicial proceedings, the court finds that, in light of Eveden's reason for the delay, the second factor—the length of the delay—also weighs against Eveden.

Considering the four factors *in toto*, the court concludes that Eveden has failed to show excusable neglect. Accordingly, the court denies Eveden's June 29, 2009 motion for leave to file bill of costs.

**SO ORDERED.**

July 2, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE