IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION

JEFFREY KRETCHMER,              §
                                §
            Plaintiff,          §
                                § Civil Action No. 3:07-CV-1068-D
VS.                             §
                                §
EVEDEN, INC.,                   §
                                §
            Defendant.          §

                       MEMORANDUM OPINION
                          AND ORDER

Defendant Eveden, Inc.'s ("Eveden's") July 16, 2009 motion for reconsideration of order denying Eveden's opposed motion for leave to file bill of costs is denied.

                                I

On March 31, 2009 the court granted Eveden's motion for summary judgment against plaintiff Jeffrey Kretchmer ("Kretchmer") and dismissed the action with prejudice. *Kretchmer v. Eveden, Inc.*, 2009 WL 854719, at *9 (N.D. Tex. Mar. 31) (Fitzwater, C.J.), *appeal docketed*, No. 09-10556 (5th Cir. May 29, 2009). On April 9, 2009 Kretchmer filed a motion for a new trial or a rehearing, which the court treated as a Fed. R. Civ. P. 59(e) motion and denied on April 28, 2009. Although N.D. Tex. Civ. R. 54.1 requires that a party file a bill of costs no later than 14 days after the clerk enters the judgment on the docket, Eveden did not file its motion for leave to file bill of costs until June 29, 2009, well after the deadline imposed by Rule 54.1. The court denied the motion on July 2, 2009. *Kretchmer v. Eveden, Inc.*, 2009 WL 1939036, at *2 (N.D.

Tex. July 2, 2009) (Fitzwater, C.J.) ("*Kretchmer II*"). Eveden now moves the court to reconsider its decision. Kretchmer opposes the motion.

II

Eveden maintains that its failure to timely file the bill of costs is based on "excusable neglect." Rule 6(b)(1) permits the court to extend the time allowed to file the bill of costs only if the failure to timely file was due to "excusable neglect." Rule 6(b)(1); *see also Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002) (holding district court did not abuse its discretion by extending time to file bill of costs where party faced conflicting orders). A finding of excusable neglect is made after considering four non-exclusive factors: (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Of these, the third factor is "perhaps the most important single factor." *Inst. for Policy Studies v. U.S. Cent. Intelligence Agency*, 246 F.R.D. 380, 383 (D.D.C. 2007) (internal quotation marks and citations omitted) (finding no excusable neglect where other three factors favored the movant, but the third factor weighed against the movant); *Dimmit v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005) ("[A]mong the factors enumerated in *Pioneer*,

by far the most critical is the asserted reason for the mistake.").

### III

#### A

The court determined in *Kretchmer II* that Eveden neither acted in bad faith in failing to timely file its bill of costs (fourth factor) nor that Eveden's failure prejudiced Kretchmer (first factor). *Kretchmer II*, 2009 WL 1939036, at *2. Kretchmer does not challenge these findings, and the court adheres to them in deciding Eveden's motion to reconsider.

#### B

The court rejected Eveden's motion primarily because of the third factor: the reason for the delay.

Eveden relies again on difficulty in compiling the bill. As in its prior motion, Eveden argues that its task in compiling the bill was complicated by the number and geographical diversity of its vendors, who were located in Georgia, Massachusetts, and Texas. Eveden retained the services of six different vendors who submitted a total of fourteen invoices. All but one of the invoices were dated no later than the end of October 2008, and the last was dated April 20, 2009. Eveden therefore likely had almost all, if not all, of the invoices in its possession before the court denied Kretchmer's Rule 59(e) motion. The court is not persuaded that the task of compiling these invoices and completing the bill of costs was so onerous that Eveden could not have completed it during the

time allowed under Rule 54.1, or that Eveden could not have promptly moved for an extension of time. *See Anguiano v. Life Ins. Co. of N. Am.*, 232 F.R.D. 584, 586 (W.D. Tex. 2005) (noting that where party was aware it needed more time prior to expiration of deadline, it should have moved for extension prior to, not after, deadline's passage).

Eveden also contends that it failed to timely file the bill of costs, or to seek an extension of time to do so, because it was in "settlement discussions regarding the appellate process." D. Mot. 3. According to Kretchmer, the settlement discussions consisted of his offer to dismiss his appeal in return for Eveden's agreement to waive the costs that the court imposed. Eveden posits that, to properly consider the offer, it had to first calculate the costs it would receive from Kretchmer.

The court concludes that these settlement negotiations did not reasonably impact Eveden's ability to calculate and timely file its bill of costs or to promptly seek an extension of time. While Eveden's counsel submits that he was "under the impression" that Kretchmer would not oppose a late-filed bill of costs, Monte K. Hurst, Esq. Aff. 2, ¶ 3, he points to no statement or conduct by Kretchmer's counsel that reasonably created that impression. In any event, Kretchmer's settlement proposal was made on May 1, 2009 and expired on May 8. The settlement discussions thus concluded on the earlier of May 8 or the day Eveden decided not to accept the

offer, well before June 29, 2009. This factor weighs against Eveden.

C

The second factor considers the length of delay and its potential impact on judicial proceedings. In *Kretchmer II* the court rejected Eveden's motion because it was filed more than one month after the deadline. *Kretchmer II*, 2009 WL 1939036, at *2. While the cause for the delay was of itself sufficient to deny the motion, the length of the delay also supported doing so.

Eveden correctly cites *In re Asarco LLC*, 2008 WL 4533733 (Bankr. S.D. Tex. Oct. 3, 2008), for the proposition that, in determining whether the delay was too long, the court should consider the degree to which the delay may disrupt the administration of the case. This follows from the fact that the second factor considers not only the length of delay but also its potential impact on the judicial proceedings. But *In re Asarco* further notes that "[t]he evaluation of lateness should also take into account the [movant's] explanation for the delay, the third *Pioneer* factor." *Id.* at *3 (citing *In re Enron Corp.*, 419 F.3d 115, 128 (2d Cir. 2005)).

> Thus, a long delay . . . with a strong explanation might be more acceptable than a short delay with a weak explanation——even if both explanations are credible. . . . [W]here an explanation is nonexistent, or not credible, both the reason for the delay and the length of the delay factors might weigh in favor of the [nonmovant], even if the delay

is, in absolute terms, quite short.

*In re Enron Corp*, 419 F.3d at 129 (internal quotation marks omitted). While Eveden's delay did not, as this court has previously found, have an impact on the judicial proceedings, *Kretchmer II*, 2009 WL 1939036, at *2, Eveden's explanations for the delay are relatively weak at best. Accordingly, the length of the delay also weighs against Eveden.

D

"At bottom, 'excusable neglect' is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time. 'When a party fails to timely move for costs, courts generally disallow the award.'" *Kretchmer II*, 2009 WL 1939036, at *1 (quoting *Green*, 284 F.3d at 664) (citations omitted). Considering the four factors together, the court holds that the reasons on which Eveden relies for failing to file a timely bill of costs or for failing to promptly seek an extension of time do not satisfy the excusable neglect standard of Rule 6(b)(1).

\*   \*   \*

Eveden's July 16, 2009 motion for reconsideration of order denying Eveden's opposed motion for leave to file bill of costs is denied.

**SO ORDERED**.

September 3, 2009.

                                                _____
                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE